[Crim. No. 2004. Third Dist. Apr. 11, 1947.]

THE PEOPLE, Appellant, v. ROBERT V. McRAE, Respondent.

Fred N. Howser, Attorney General, and Ruth Bernfeld, Deputy Attorney General, for Appellant.

Peter Mannino for Respondent.

THOMPSON, J.—The respondent, Robert V. McRae, petitioned this court to exonerate his cash bail bond in the sum of $2,000, which was deposited under section 1273 of the

Penal Code for appearance in the superior court on a charge of violation of section 288a of that code. An information was filed. The defendant moved that court under section 995 to set aside the information on the ground that he had been committed by the magistrate without probable cause. The motion was granted and the information was dismissed. The trial court neither ordered a new information to be filed, nor that the bail be exonerated, as provided by section 997 of the Penal Code. From the order dismissing the information the People have appealed. That appeal is now pending in this court, but it is not involved on this motion.

The attorney general contends that the appeal by the People from the order dismissing the information automatically stays the judgment and authorizes retention of the bail money by the court until the appeal has been finally determined. We think not.

When an information is dismissed a defendant is entitled to be discharged from custody, and his bail *must* be exonerated unless the court "directs that [a new or amended] information be filed by the district attorney." (Pen. Code, §§ 997, 1009.) Section 997 provides that:

"If the motion is granted, the court *must* order that the defendant, if in custody, be discharged therefrom; or, if admitted to bail, that his bail be exonerated; . . . unless it *directs* that . . . [a new or amended] information be filed by the district attorney." (Italics added.)

Section 1009 of the same code provides that:

"If the court does not permit the information to be amended, nor direct that an information be filed, or that the case be resubmitted, . . . the defendant, if in custody, must be discharged, . . . or, if he has deposited money, . . ., the money must be refunded to him, . . . ."

The order dismissing the information, without an order authorizing the district attorney to file a new or amended information, and without an order of resubmission of the cause, is a judgment in favor of the defendant, until it has been reversed on appeal. (Pen. Code, § 1242.) The last mentioned section provides that:

"An appeal taken by the people *in no case stays or affects the operation of a judgment* in favor of the defendant, until judgment is reversed." (Italics added.)

 It follows from the clear provisions of the foregoing sections of the code that the dismissal of the information in this case without an order authorizing the district attorney to file a new or amended information, and without an order for resubmission of the cause, entitles the defendant to be discharged, and to have his bail money refunded to him. (*People* v. *Seitz*, 100 Cal.App. 113, 116 [279 P. 1070].)

It is ordered that defendant's bail be and it is hereby exonerated, and that the bail money deposited by him be refunded to him.

Adams, P. J., and Schottky, J. pro tem., concurred.